IN THE MATTER OF J. ROBERT PEACOCK, AN ATTORNEY-AT-LAW.

Argued April 21, 1964 and November 4, 1964—
Decided November 30, 1964.

*D-9   September Term 1963*

*Mr. Robert C. Koury* argued the cause for the Atlantic County Ethics Committee.

*Mr. C. Zachary Seltzer* argued the cause for respondent.

*D-6   September Term 1964*

*Mr. Murray Fredericks* argued the cause for the Atlantic County Ethics Committee.

*Mr. Roy S. Baylinson* argued the cause for respondent.

PER CURIAM. The Atlantic County Ethics Committee filed two presentments finding that respondent had misappropriated clients' moneys.

In the first matter respondent deposited his client's $400 share of the proceeds of settlement of a negligence action in

his personal bank account and issued a check therefor which was returned because of insufficient funds. Despite the client's repeated efforts to obtain it, the money was not paid over until after a formal complaint had been filed with the Committee.

The second situation is an infinitely more serious one. Respondent acted as attorney for the guardian of an incompetent, who died some two years later in a state hospital. Thereupon the guardian was appointed administrator of the estate and respondent represented him in that capacity as well. The fiduciary was an elderly man of very limited education and business experience who left the management of both estates to respondent. During the course of administration respondent had control of at least $8,000 in cash. Only about $4,200 found its way into the special bank account. The remainder has disappeared. Of the amount deposited, approximately $1,500 was checked out for proper purposes. All but $12.61 of the balance was withdrawn over a period of nine months in 1961 by checks to "Cash" which were endorsed by respondent. The proceeds were not used for estate purposes. The matter has remained in this posture since. Substantial estate obligations remain unpaid and there has been no accounting. Respondent's attempted explanation to the Committee is completely incredible and no other conclusion is possible but that respondent appropriated unto himself the undeposited moneys and the proceeds of the checks drawn to "Cash."

Upon consideration of all the circumstances, including factors offered to us in mitigation, we are compelled to say that respondent can no longer be entrusted with the license to practice law and that no disposition short of disbarment is warranted.

It is ordered that respondent's name be stricken from the roll of members of the bar of this state.

*For disbarment*—Chief Justice WEINTRAUB, and Justices JACOBS, FRANCIS, PROCTOR, HALL and SCHETTINO—6.